**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

EMPIRE PIPE & SUPPLY COMPANY, INC.,

Plaintiff,

vs.

PLAZA MEXICO HOLDINGS, LLC; DGPS LAND DEVELOPMENT LLC; HERIBERTO REYES, individually and as personal guarantor of DGPS Land Development LLC,

Defendants.

CASE NO. 8:26-cv-2643

**COMPLAINT**

COMES NOW the Plaintiff, Empire Pipe & Supply Company, Inc. (hereinafter "Empire"), by and through the undersigned counsel, and hereby files this Complaint against the Defendants La Plaza Mexico, LLC, DGPS Land Development, LLC, and Heriberto Reyes.

PARTIES

1. Plaintiff Empire Pipe & Supply Company, Inc. is an Alabama corporation with its principal place of business in Birmingham, Alabama.

2. Defendant Plaza Mexico Holdings, LLC, is a Florida limited liability corporation with its principal place of business in Wahneta, Florida. On information and belief, none of the members of Plaza Mexico Holdings, LLC, are Alabama citizens/residents.

3. Defendant DGPS Land Development, LLC, is a Florida limited liability company with its principal place of business in Tampa, Florida. On information and belief, none of the members of DGPS Land Development, LLC, are Alabama citizens/residents.

4. Defendant Heriberto Reyes is an individual and a citizen/resident of Florida.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c)(2) because one or more defendants resides in this district and is subject to personal jurisdiction in this judicial district, because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because a substantial part of the property that is the subject of the action is situated in this judicial district.

## FACTUAL ALLEGATIONS

7. Empire adopts and incorporates paragraphs 1 through 6 as if fully set forth herein.

8. DGPS Land Development, LLC ordered from Empire approximately $736,547.52 worth of water, sewer, and drainage infrastructure materials (hereinafter the "Material") to be used in a development project owned by Plaza Mexico Holdings, LLC. That project is located in Polk County, Florida, and is referred to herein as the "the Project."

9. Prior to purchasing the Material, DGPS Land Development, LLC, executed a Credit Agreement with Empire. That Credit Agreement provides, *inter alia*, that "[p]ayment is due thirty (30) days from date of [Empire's] invoice," that DGPS Land Development, LLC, "will pay a late fee of one- and one-half percent (1.5%) per month on any outstanding balance owed," and further that DGPS Land Development, LLC "agrees to pay all attorney's fees, all costs of court and any other expenses incurred by [Empire] in the collection of payment for Product sold to [DGPS Land Development, LLC]."

10. As part of the Credit Agreement with Empire, Defendant Heriberto Reyes executed a personal guaranty pursuant to which he agreed to guarantee payment of all DGPS Land Development, LLC's contractual obligations to Empire.

11. Empire fulfilled all its obligations under DGPS Land Development, LLC's orders for the Material.

12. DGPS Land Development, LLC accepted and utilized the Material in the Project.

13. Prior to delivering the Material to the Project, Empire notified Plaza Mexico Holdings, LLC that Empire was providing the Material for use in the Project.

14. As owner of the Project, Plaza Mexico Holdings, LLC accepted the Material and utilized it in the Project.

15. DGPS Land Development, LLC, did make some periodic payments for the Material. Plaza Mexico Holdings, LLC, however, has not paid either DGPS Land Development, LLC or Empire for the full amount of the Material. At present, the principal amount outstanding and owed to Empire is $399,510.21. This amount does not include accrued interest or attorneys' fees.

16. On September 11, 2025, Empire recorded a Verified Claim of Lien in Polk County, Florida, relating to Materials it supplied for the Project for which Empire has not been paid (Instrument # 2025212981).

17. On October 16, 2025, Empire recorded an Amended Verified Claim of Lien in Polk County, Florida, relating to Materials it supplied for the Project (Instrument # 2025244153), a copy of which is attached hereto as **Exhibit A**.

18. On October 21, 2025, Empire provided Plaza Mexico Holdings, LLC, with notice and a copy of the recorded Amended Verified Claim of Lien.

19. As of the date of filing this Complaint, all Defendants have failed to pay Empire the amount owed. The principal amount owed by Defendants to Empire is $399,510.21. This principal figure does not include interest, service charges, or attorneys' fees.

**COUNT ONE**
**(BREACH OF CONTRACT against DGPS LAND DEVELOPMENT, LLC)**

20. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

21. Empire contractually agreed with DGPS Land Development, LLC to provide water, sewer, and drainage materials and supplies related to construction services, and DGPS Land Development, LLC agreed to pay Empire for the same.

22. Empire fully performed its obligations under the contract; however, DGPS Land Development, LLC breached the contract because Empire demanded, and DGPS Land Development failed to make, payment of the outstanding principal balance of $399,510.21 that is owed to Empire.

WHEREFORE, Empire demands damages from DGPS Land Development, LLC in the amount of $399,510.21, plus interest, attorneys' fees, and costs, plus any other relief to which Empire may be entitled.

**COUNT TWO**
**(ACCOUNT STATED against DGPS LAND DEVELOPMENT, LLC)**

23. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

24. Empire provided DGPS Land Development, LLC with a statement of the account between the parties, said statement totaling a principal balance of $399,510.21 that is due on the contract. Interest, costs, and fees continue to accrue.

25. There was a meeting of the minds as to the correctness of the account statement, and DGPS Land Development, LLC did not timely object to the amounts due on the account.

WHEREFORE, Empire demands damages from DGPS Land Development, LLC in the amount of $399,510.21, plus interest, attorneys' fees, and costs incurred in the collection of this outstanding debt, plus any other relief to which Empire may be entitled.

**COUNT THREE**
**(OPEN ACCOUNT against DGPS LAND DEVELOPMENT, LLC)**

26. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

27. DGPS Land Development, LLC owes Empire a principal balance of $399,510.21 that is due on an open account, plus interest, costs, and fees which continue to accrue.

WHEREFORE, Empire demands damages from DGPS Land Development, LLC in the amount of $399,510.21, plus interest, attorneys' fees, and costs, plus any other relief to which Empire may be entitled.

**COUNT FOUR**
**(WORK AND LABOR DONE against DGPS LAND DEVELOPMENT, LLC, and PLAZA MEXICO HOLDINGS, LLC)**

28. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

29. DGPS Land Development, LLC owes Empire $399,510.21 for work and labor done by Empire for DGPS Land Development, LLC at its request.

30. Plaza Mexico Holdings, LLC also owes Empire $399,510.21 for work and labor done by Empire for which Empire gave Plaza Mexico Holdings, LLC notice prior performing said work and labor.

WHEREFORE, Empire demands damages from DGPS Land Development, LLC and Plaza Mexico Holdings, LLC in the amount of $399,510.21, plus interest, attorneys' fees, and costs, plus any other relief to which Empire may be entitled.

**COUNT FIVE**
**(UNJUST ENRICHMENT against DGPS LAND DEVELOPMENT, LLC, and PLAZA MEXICO HOLDINGS, LLC)**

31. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

32. Due to DGPS Land Development, LLC's failure to pay Empire, DGPS Land Development, LLC has been unjustly enriched.

33. Due to Plaza Mexico Holdings, LLC's acceptance and use of the Material, and its failure to pay for the same, Plaza Mexico Holdings, LLC has also been unjustly enriched.

34. DGPS Land Development, LLC and Plaza Mexico Holdings, LLC are in possession of money or proceeds that in equity and good conscience belong to Empire.

35. It would be unequitable for DGPS Land Development, LLC and Plaza Mexico Holdings, LLC, to retain the benefit of Material supplied by Empire without paying the reasonable value thereof.

WHEREFORE, Empire demands judgment against DGPS Land Development, LLC and Plaza Mexico Holdings, LLC in the amount of the reasonable value of the Material supplied, in an amount to be proven at trial but not less than $399,510.21, plus interest, attorneys' fees, and costs, plus any other relief to which Empire may be entitled.

**COUNT SIX**
**(CLAIM ON LIEN against PLAZA MEXICO HOLDINGS, LLC)**

36. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

37. At all times material hereto, Empire was a "lienor" as defined by Fla. Stat. § 713.01, and was duly licensed and authorized to furnish materials in the State of Florida.

38. Empire furnished materials that were used in the improvement of real property owned by Plaza Mexico Holdings, LLC, which property is more particularly described in the recorded Claim of Lien attached hereto as **Exhibit A**. Empire adopts and incorporates herein the legal description, address, and parcel ID number in **Exhibit A**.

39. The materials furnished by Empire were incorporated into the improvement of the above-described real property and were furnished in accordance with and pursuant to a contract with Plaza Mexico Holdings LLC.

40. Empire timely served a Notice to Owner upon Plaza Mexico Holdings, LLC, as required by Fla. Stat. § 713.06, within forty-five (45) days of the first furnishing of materials, on March 3, 2025.

41. With respect to the Project, Empire first furnished materials to the subject property on or about February 14, 2025, and last furnished materials on or about September 25, 2025.

42. The total value of materials furnished by Empire to the improvement of the Project is $736,547.52, of which $399,510.21 remains due and owing despite demand for payment.

43. On or about October 16, 2025, and within ninety (90) days after the final furnishing of materials, Empire recorded an Amended Claim of Lien in the Official Records of Polk County, Florida, at Instrument # 2025244153 (attached as **Exhibit A**), in compliance with Fla. Stat. § 713.08.

44. Empire served a copy of the Lien on Plaza Mexico Holdings, LLC, in accordance with Fla. Stat. § 713.08(4).

45. This action to enforce the Claim of Lien has been commenced within one (1) year of the recording of the Claims of Lien, as required by Fla. Stat. § 713.22.

46. The Claim of Lien is valid, enforceable, and superior to any right, title, or interest of the Defendants in and to the subject property acquired after the commencement of the improvement, or, alternatively, from the date of the recording of a Notice of Commencement, if applicable.

47. All conditions precedent to the institution of this action and to the enforcement of Empire's liens have been performed, have occurred, or have been waived.

48. Empire has retained the undersigned counsel to prosecute this action and is entitled to recover reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 713.29 and 713.22.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. A determination that Empire holds valid materialman's lien against the property constituting the Project in the amount of $399,510.21, plus interest, attorneys' fees, and costs;

b. Foreclosure of Empire's lien and sale of the subject property in the manner provided by law, with the proceeds applied to the satisfaction of the amounts owed to Empire;

c. A deficiency judgment against Defendant Plaza Mexico Holdings, LLC, in the event the proceeds of the foreclosure sales are insufficient to satisfy the amounts owed;

d. An award of reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. §§ 713.29 and 713.22;

e. Pre-judgment and post-judgment interest as provided by law; and

f. Such other and further relief as the Court deems just and proper.

**COUNT SEVEN**
**(BREACH OF CONTRACT/PERSONAL GUARANTY against HERIBERTO REYES)**

49. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

50. Heriberto Reyes executed a Personal Guaranty in conjunction with the Credit Application submitted to Empire by DGPS Land Development, LLC. Pursuant to that Personal Guaranty, Heriberto Reyes is personally liable for amounts owed to Empire by DGPS Land Development, LLC.

51. Heriberto Reyes breached his obligations under the Personal Guaranty by failing to pay Empire for the Material.

52. Empire has been damaged by Heriberto Reyes' breach.

WHEREFORE, Empire demands damages from Heriberto Reyes in the amount of $399,510.21, plus interest, attorney's fees and costs, plus any other relief to which Empire may be entitled.

**AD DAMNUM**

Based on the allegations set forth above, Empire avers that Defendants are liable for damages, interest, attorneys' fees, costs, and expenses.

WHEREFORE, Empire demands judgment for damages in an amount to be determined by a jury, as well as interest, attorneys' fees, costs, and expenses, and such other relief as the Court and/or jury deem just.

*s/ Scott D. Stevens*
Scott D. Stevens
STARNES DAVIS FLORIE LLP
11 North Water Street, Suite 20290
Mobile, AL 36602
Phone: 251-433-6049
sds@starneslaw.com

*Lead Counsel for Empire Pipe & Supply Company, Inc.*

Defendants to be served as follows:

Remigio Gamez, Registered Agent for Plaza Mexico Holdings, LLC
3061 South Rifle Range Road
Wahneta, FL 33880

Feliciano Morales, Registered Agent for DGPS Land Development, LLC
4417 N. Clark Ave.
Tampa, FL 36614

Heriberto Reyes
11891 Williams Rd.
Thonotosassa, FL 33592